IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INFINITY INDEMNITY** | : | |
| **INSURANCE COMPANY,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **JANNETTE GONZALEZ, et al.,** | : | No. 11-4922 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                                                        **June 4, 2012**

Plaintiff Infinity Indemnity Insurance Company ("Infinity") brings this declaratory judgment action against Jannette Gonzalez, Leonardo Barrios, Lizandro Martinez, and State Farm Indemnity Company ("State Farm"). Plaintiff seeks a declaration that it owes no coverage under a personal automobile liability insurance policy issued to Gonzalez. Defaults have been entered against Defendants Gonzalez, Barrios, and Martinez for failure to appear, plead, or otherwise defend this lawsuit. Before the Court is Plaintiff's motion for summary judgment. Defendant State Farm has not responded and has indicated to the Court that it does not oppose the motion. For the reasons that follow, the Court will grant Plaintiff's motion.

**I. BACKGROUND**

Infinity issued a personal automobile liability insurance policy to Gonzalez for the period of May 3, 2010 to May 3, 2011. (Pl.'s Mot. for Summ. J. ¶ 2.) The policy is identified as a "Pennsylvania Low Cost Personal Auto Policy." (Compl. Ex. B [Policy and Endorsement].) An endorsement states that the policy is a "Pennsylvania Named Driver Only Personal Auto Policy

Endorsement," and it also states: "**We will only provide coverage for drivers listed on your policy. We will not provide coverage for any other driver of the insured auto.**" (*Id.*) Gonzalez also selected the optional "Economy Low Cost Discount," which provided a ten percent discount on premiums in exchange for an agreement that "unlisted drivers are not afforded coverage under the policy." (Compl. Ex. A [Application for Insurance] at 4.) The endorsement further states in an exclusion, "We do not cover bodily injury or property damage resulting from the . . . use of the insured auto by any person not listed on the Declarations Page before a loss." (Policy and Endorsement.) With respect to property damage to a listed vehicle, the endorsement contains a definition of "authorized driver" that includes only the named insured and any person listed on the application or added by an endorsement. (*Id.*)

Jannette Gonzalez is the only listed named insured in the policy. (*Id.*) One of the listed vehicles is a 2005 Dodge Caravan. (*Id.*) In Gonzalez's application for insurance, Gonzalez initialed and checked the "No" box next to a question whether there were "any drivers who may operate a listed vehicle on a regular or infrequent basis that have not been disclosed on this application." (Application for Insurance at 3.) Gonzalez also signed an acknowledgment on the signature page of her application that stated, "The Low Cost Personal Auto Policy specifically addresses who may use your vehicle and under what conditions coverage will be afforded. In all cases, only those individuals and vehicles shown on the Declarations Page or endorsed on the policy prior to a loss are afforded coverage." (*Id.* at 4.) Gonzalez further acknowledged that it was her responsibility to report to her insurance agent anyone not listed on the declarations page who will have access to the listed vehicle, and that the contract provides coverage only when a driver listed on the ceclarations page is driving the listed vehicle. (*Id.*)

2

On November 24, 2010, Gonzalez permitted Barrios to drive her Dodge Caravan. On that day, Barrios struck Martinez's vehicle, causing serious injury to Martinez. (Compl. Ex. C [Complaint, *Martinez v. Barrios, et al.*].) On April 7, 2011, Martinez sued Barrios and Gonzalez in the Superior Court of New Jersey. (*Id.*)

On August 2, 2011, Infinity brought this declaratory judgment action in this Court against Gonzalez, Barrios, Martinez, and State Farm. Defaults were entered against Gonzalez, Barrios, and Martinez for failure to appear, plead, or otherwise defend the action. State Farm answered the complaint and participated in a scheduling conference, where it indicated that it provides similar named driver only insurance policies.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence fails to demonstrate a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the movant does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

Thereafter, the nonmoving party demonstrates a genuine issue of material fact if it provides evidence sufficient to allow a reasonable finder of fact to find in its favor at trial. *Anderson*, 477 U.S. at 248. In reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 32 F.3d 768, 777 (3d Cir. 2009). The court may not, however, make credibility determinations or weigh the

evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

**III.    DISCUSSION**

Infinity contends that it has no duty to defend or indemnify Gonzalez and/or Barrios for any claims arising out of the collision with Martinez or to reimburse Gonzalez for damage to the Dodge Caravan resulting from that accident. It asserts that the policy only provides coverage for damage to the Dodge Caravan when it is being operated by an authorized driver. Because Barrios was not a named driver on the policy or endorsement, Infinity argues that it has no duty to provide coverage for damage resulting from the November 24, 2010 collision when Barrios was driving the Dodge Caravan with Gonzalez's permission.

Pennsylvania law, which governs the interpretation of the policy, "provides several well-settled principles governing the interpretation of insurance policies." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 363 (3d Cir. 2004). First, the task of interpreting the policy is generally performed by the court, rather than the jury, and the goal of that task is to ascertain the intent of the parties through the contract's language. *Id*. (citing *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983)). Second, when "an insurance policy provision is ambiguous, it is to be construed against the insurer and in favor of the insured." *Id.* (internal quotation marks omitted). A provision is ambiguous when the language, viewed in the context of the entire policy, is "reasonably susceptible of different constructions and capable of being understood in more than one sense." *Id.* (internal quotation marks omitted). Third, when an insurance contract's language is unambiguous, the court must enforce the language and avoid creating ambiguities where none exist.

*Id.* "Thus, '[w]here the policy contains definitions for the words contained therein, the court will apply those definitions in interpreting the policy.'" *Id.* (quoting *Monti v. Rockwood Ins. Co.*, 450 A.2d 24, 25 (Pa. Super. Ct. 1982)). Courts should not, "under the guise of judicial interpretation, . . . expand the coverage beyond that as provided in the policy." *Guardian Life Ins. Co. of Am. v. Zerance*, 479 A.2d 949, 953 (Pa. 1984).

Infinity contends that the policy terms are clear and unambiguous and preclude coverage when the insured automobile is being operated by anyone other than the named insured. The policy endorsement clearly identifies the policy as a "Named Driver Only" policy, and it states in bold language that the policy provides coverage only for drivers listed on the policy. The Court finds that the language in the policy and endorsement is clear and unambiguous in restricting coverage only to drivers who are listed in the insurance policy. Gonzalez only listed herself in her application for insurance, and she is the only listed insured driver in the policy and endorsement. Furthermore, Gonzalez was clearly aware of the restriction, because in her application for insurance, Gonzalez selected an option whereby she received a discount on her premiums in exchange for a policy that denied coverage for unlisted drivers.

However, the plain meaning of a contract is not controlling if it is contrary to a clearly expressed public policy. *Eichelman v. Nationwide Ins. Co.*, 711 A.2d 1006, 1008 (Pa. 1998). The Court has serious concerns that a named driver only policy invites automobiles to be driven by uninsured drivers and whether that is contrary to Pennsylvania public policy on automobile insurance. The Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") applies to policies delivered or issued for delivery in Pennsylvania, with respect to any motor vehicle registered or principally garaged in Pennsylvania. 75 Pa. Cons. Stat. Ann. § 1731(a). The MVFRL requires that

all insurers must offer underinsurance to their insureds, although it does not require that insurers provide underinsurance, as the insured can reject such coverage. *Canal Ins. Co. v. Underwriters at Lloyd's London*, 435 F.3d 431, 443 (3d Cir. 2006). The MVFRL reflects "the Legislature's concern for the increasing cost of automobile insurance and the parallel aim of cost containment." *Id.* (quoting *Burstein v. Prudential Prop. & Cas. Ins. Co.*, 809 A.2d 204, 207-08 (Pa. 2002)). The Pennsylvania Supreme Court noted that while "other public policies may underlie the MVFRL, the legislative concern for the spiralling consumer cost of automobile insurance is its dominant and overarching public policy." *Burstein*, 809 A.2d at 208 n.3.

The Pennsylvania Supreme Court has evaluated named driver exclusions in insurance policies and found them to be consistent with the public policies of the MVFRL of cost-containment and consumer choice. *Progressive N. Ins. Co. v. Schneck*, 813 A.2d 828, 832 (Pa. 2002). An insurer uses a named driver exclusion to exclude a specified individual from coverage under an automobile insurance policy. Infinity contends that because named driver exclusions are permitted under Pennsylvania law, then the converse is true, and named driver only policies are also covered. While the Pennsylvania law permits named driver exclusions, the Court has not uncovered any case evaluating named driver only policies. Infinity argues that named driver only policies are permissible under the MVFRL because they achieve the statute's goals of cost-containment and consumer choice. However, the Court remains concerned that unlike named driver exclusions, which only deny coverage for specific identified risks, thereby containing costs for insureds that live with high-risk drivers, named driver only policies deny coverage to any potential driver of a vehicle that is not specifically named in a policy, vastly increasing the number of uninsured drivers on the road.

Infinity also emphasizes that the policy is approved by the Pennsylvania Department of

Insurance. However, Pennsylvania courts have held that "approval of the policy provision by the Insurance Commissioner does not per se establish the validity of the particular provision . . . . If a court determines that a challenged provision is void as being contrary to law, then the approval itself is invalid as well, since such approval exceeds the power granted to the Commissioner." *Brader v. Nationwide Mut. Ins. Co.*, 411 A.2d 516, 517 (Pa. Super. Ct. 1979); *see also Schneider v. UNUM Life Ins. Co. of Am.*, 149 F. Supp. 2d 169, 187 n.4 (E.D. Pa. 2001) (noting that the court is not bound by any decision of the Insurance Commissioner and rejecting argument that the Commissioner's approval mandates the policy's validity).

Despite the Court's serious reservations about upholding an insurance policy that makes it easier for uninsured motorists to drive on Pennsylvania roads, the Court recognizes that there is no clear indication of Pennsylvania law to justify the invalidation of this insurance policy based on that public policy. *See Hall v. Amica Mut. Ins. Co.*, 648 A.2d 755, 760 (Pa. 1994) (quoting *Muschany v. United States*, 324 U.S. 49, 66-67 (1945)) ("'Public policy is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest. As the term "public policy" is vague, there must be found definite indications in the law of the sovereignty to justify the invalidation of a contract as contrary to that policy. Only dominant public policy would justify such action. In the absence of a plain indication of that policy through long governmental practice or statutory enactments, or of violations of obvious ethical or moral standards, the Court should not assume to declare contracts . . . contrary to public policy. The courts must be content to await legislative action.'"). As no party has requested that this Court find that a named driver only insurance policy contravenes Pennsylvania public policy and no precedent indicating that it does, the Court will uphold the clear and unambiguous language of the policy restricting coverage only

to those drivers listed in the policy and endorsement. Given the absence of genuine issues of material fact, the Court finds that Infinity has no duty to defend or indemnify Gonzalez and/or Barrios for any claims arising out of the automobile accident on November 24, 2010, to pay benefits for damages to Gonzalez's 2005 Dodge Caravan arising out of that collision, or to pay any personal injury claims of Martinez arising out of that collision.

**IV.     CONCLUSION**

The Court grants Infinity's motion for summary judgment on its claim for declaratory relief. An appropriate Order will be docketed separately.